IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

CARL C. BAKER                                                                    PLAINTIFF

vs.                                      Civil No. 1:17-cv-01052

NANCY A. BERRYHILL                                        DEFENDANT
Acting Commissioner, Social Security Administration

### **MEMORANDUM OPINION**

Carl C. Baker ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 8.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.**     **Background:**

Plaintiff protectively filed his disability application on Feburary 4, 2014. (Tr. 83). In his application, Plaintiff alleges he was disabled due heart disease and a history of pneumonia. (Tr. 246). Plaintiff alleges an onset date of January 21, 2014. (Tr. 83). This application was denied initially and again upon reconsideration. (Tr. 147-157).

Thereafter, Plaintiff requested an administrative hearing on his application, and this hearing

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

request was granted. (Tr. 104-146). An administrative hearing was held on December 1, 2015 in Pine Bluff, Arkansas. *Id.* At the administrative hearing, Plaintiff was present and was represented by counsel, William Mouser. *Id.* Plaintiff, Vocational Expert ("VE") Charles Turner, and a witness for Plaintiff testified at this hearing. *Id.* On the date of this hearing, Plaintiff testified he was fifty-three (53) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 404.1563(c) (DIB), and testified he had completed the twelfth grade in school. (Tr. 108, 112).

On March 10, 2016, the ALJ entered an unfavorable decision on Plaintiff's disability application. (Tr. 80-98). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2018. (Tr. 85, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 21, 2014, his alleged onset date. (Tr. 85, Finding 2). The ALJ determined Plaintiff had the following severe impairments: coronary artery disease status post coronary artery bypass grafting and stenting, unstable angina, degenerative disc disease, chronic obstructive pulmonary disease, and depression. (Tr. 85-86, Finding 3). The ALJ, however, also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr.86-88, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 88-95, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and determined they were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC for the following:

After careful consideration of the entire record, the undersigned finds that the claimant

> has the residual functional capacity to perform occasional climbing, stooping, crouching, kneeling, and crawling. Some occasional balancing. By occasional balancing, the claimant should not be working on ladders, scaffolding, or unrestricted heights. The claimant can perform light exertional work lifting 20 pounds occasionally and 10 pounds more frequently. He can sit six to eight hours. The claimant can stand and walk four to six hours, one to two without interruption. However, because of the issues concerning angina and chronic obstructive pulmonary disease (COPD), the claimant is restricted from working in temperature extremes, extreme cold or extreme heat, so it has to be inside climate-controlled. The claimant is restricted from working with heavy chemicals, heavy dust, and heavy fumes. Mentally, the undersigned finds the claimant's depression to be more of an adjustment disorder. However, because of his educational level and perhaps borderline intellect, even though he performed semi-skilled work, the future work would be unskilled an rote. The claimant can understand, follow, and remember concrete instructions with very little ready and writing in the job, very basic skills. His contact with the public would be superficial. He can meet, greet, give simple instructions and directions, but would be unable to work as a cashier in terms of making change or handling money or working at a bank handling money (20 CFR 404.1567(b)).

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined he was unable to perform any of his PRW. (Tr. 96, Finding 6). The ALJ did, however, determine Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 96-97, Finding 10). The VE testified at the administrative hearing regarding this issue. *Id.* Based upon this testimony, the ALJ determined Plaintiff retained the capacity to perform the following unskilled, light work: (1) inspecting work (lamp inspector with approximately 100,000 such jobs in the national economy) and (2) machine tending work (bench press operator with approximately 380,000 such jobs in the national economy). *Id.* Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from January 21, 2014 through the date of his decision, or through March 10, 2016. (Tr. 97, Finding 11).

Plaintiff requested that the Appeals Council's review the ALJ's unfavorable disability

3

determination. (Tr.1-3). On June 19, 2017, the Appeals Council declined to review the ALJ's disability determination. *Id.* On August 11, 2017, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on August 24, 2017. ECF No. 8. Both Parties have filed appeal briefs. ECF Nos. 12-13. This case is now ready for decision.

2.  **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or

psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.** **<u>Discussion</u>:**

In his appeal brief, Plaintiff raises one issue for reversal: the ALJ erred by "failing to fully and fairly develop the administrative record, specifically, by not ordering IQ testing." ECF No. 12 at 3-11. Plaintiff claims the ALJ had a duty to order IQ testing in order to assess whether Plaintiff's mental impairments met the requirements of any of the Listings. *Id.*

Upon review of Plaintiff's argument on this issue, the Court finds it is without merit. Notably,

in his application for benefits, Plaintiff *did not* allege being disabled due to a mental impairment. (Tr. 246). Thereafter, at the administrative hearing, Plaintiff's attorney referenced his "history of special education" and requested IQ testing. (Tr. 107). Apart for Plaintiff's "history of special education," however, Plaintiff's attorney did not provide any other support for his claim that Plaintiff needed IQ testing or could possibly meeting a Listing for this impairment. *Id.* Furthermore, in response to this claim by Plaintiff's attorney, the ALJ first noted Plaintiff's school records reflecting a history of special education were available and were included as a part of the record. (Tr. 107). The ALJ then left the record open for thirty days for any additional record development. *Id.*

Based upon these facts, the Court finds the ALJ fulfilled his duty to fully and fairly develop the record. Indeed, the Court should only remand for further development of the record when the evidence does not provide an adequate basis for determining the merits of a disability claim. *See Halverson v. Astrue,* 600 F.3d 922, 933 (8th Cir. 2010). *See also Johnson v. Astrue,* 627 F.3d 316, 320 (8th Cir. 2010). Here, there has been no demonstration the record was not adequate for determining whether Plaintiff was disabled.

As a final point, to be entitled to a remand on this issue, Plaintiff must make an affirmative showing that he was prejudiced by the ALJ's failure to further develop the record. *See Onstad v. Shalala,* 999 F.2d 1232, 1234 (8th Cir. 1993) (holding that "absent unfairness or prejudice, we will not remand"). Here, Plaintiff merely speculates that he might have been prejudiced. ECF No. 12 at 3-11. Such as showing is not sufficient for a remand.

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating

6

these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 13th day of June 2018.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE